## Marennus Symonds *et al.*

*v.*

## William Lappin.

1. HOMESTEAD — *claim must be clearly shown.* In order to avail of the benefit of the Homestead law, it is incumbent on a defendant, in a suit to foreclose a mortgage, to allege, in his answer, such facts as certainly bring him within the protection of the law.

2. SAME — *right must exist when the mortgage is given.* Unless the right of homestead exists at the time a mortgage is given by the claimant, there is no necessity for its relinquishment, and an answer to a bill to foreclose a mortgage, which states that the land is occupied by the defendant as a homestead, and that he did not, by the mortgage, relinquish such homestead, but which does not state that the land was occupied as a homestead at the time of executing the mortgage, does not bring the question of the defendant's homestead right before the court.

APPEAL from the Circuit Court of Clay county; the Hon. JAMES C. ALLEN, Judge, presiding.

Messrs. CHESLEY & HAGLE, for the appellants.

Mr. B. B. SMITH, and Mr. GERSHORN A. HOFF, for the appellee.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

Appellants bring this record here, and ask a reversal of the decree, upon the ground that the court erred in decreeing the foreclosure of a mortgage on property wherein they had a right of homestead, which they had not relinquished pursuant to the requirements of the statute in that regard.

Unless the right of homestead existed when the mortgage was executed, there was, obviously, no necessity for its relinquishment; and it does not follow, either as a logical or legal conclusion, that because the property was occupied by appellants as a homestead, when they answered appellee's bill to foreclose, it must have been so occupied when the mortgage was executed. To avail of the benefits of the Homestead law,

it was incumbent on them to allege, in their answer, such facts as certainly brought them within the protection of the law. We can not indulge in presumptions, not necessarily arising from the facts alleged, to aid them in this regard.

In the only answer filed, which was by the appellant Marennus, he admits the execution of the mortgage to secure the indebtedness charged in the bill, but alleges as follows: "That the said real estate, in said bill described, is the homestead upon which defendant and his family reside; that in and by said mortgage, defendant does not waive his right under the homestead laws, and that said mortgage debt is not for purchase money of said real estate." And this is all. When it became the homestead does not appear, and there is nothing but this answer in the record that relates to the question. The question of the homestead right of appellants, therefore, was not properly before the court, and we perceive no cause to disturb the decree, and it will be affirmed.

*Decree affirmed.*