JOHN JOHNSON *v.* HANNAH E. WATSON,

and

JOHN NELSON *v.* HANNAH E. WATSON.

1. MORTGAGE—*sale under—transfer of bid.* It is often the case, a bidder at a public sale transfers his bid to another, and directs the deed to be made to such person, and if there be no fraud in the transaction, and no loss to the mortgagor thereby, there can be no objection. But if objectionable, it can not be set up in an action of ejectment against remote purchasers without notice.

2. SAME—*sale on credit when sale for cash is required.* Where, by the terms of a power in a mortgage, or trust deed, a sale of the premises is authorized to be made for cash, and it is made on a credit, the purchaser will become a party to the violation of the condition upon which the sale alone can be made, and being chargeable with notice, he can not, in equity, evade the effect of the irregularity, but the rule is different as to a remote purchaser without notice. He is not chargeable with notice of defects and irregularities attending the sale under the mortgage. Even if such purchaser had notice of the fact, it would not render the sale void. but only voidable.

3. SAME—*sale for the benefit of mortgagee selling.* Although a sale under a power in a mortgage is made for the benefit of the mortgagee, his deed through his attorney will vest the legäl title in the grantee.

4. SAME—*mortgagee takes legal title.* The mortgagee of land is held, in a court of law, as the owner of the fee, having the *jus in re* as well as *ad rem*, and entitled to all the rights and remedies which the law gives such owner, and he may, after condition broken, maintain ejectment against the mortgagor.

5. EJECTMENT—*only legal titles can be noticed.* Legal titles must prevail in an action of ejectment. A legal title acquired by a sale under a power in a mortgage or trust deed, can not be defeated in a court of law because the sale was made on credit, instead of for cash, or because made for the benefit of the mortgagee or trustee, but a court of chancery must be invoked. The deed is not void, but voidable only, and that only in a court of chancery.

6. SAME—*recovery of dower in land sold under mortgage.* Where the wife joins with her husband in the execution of a mortgage containing a power of sale, duly acknowledged by her, in which she releases her dower, and the land is sold under the power, and a deed made to the purchaser, passing the legal title, she can not recover her dower in the land in an action of ejectment. If the sale is not void, but voidable only, she must resort to equity, and even then it seems she will have to redeem her third.

7. SAME—*restoring defendant's possession.* If a defendant has been turned out of possession under an erroneous judgment in ejectment against him, which is afterwards reversed, the circuit court may enter such order, on the case being remanded, as may be necessary to restore him to the possession.

WRIT OF ERROR to the Circuit Court of Kendall county; the Hon. EDWIN S. LELAND, Judge, presiding.

Mr. B. F. PARKS, and Mr. S. W. HARRIS, for the plaintiff in error.

Mr. CHARLES BLANCHARD, Mr. EDWIN N. LEWIS, and Mr. IRUS COY, for the defendant in error.

Mr. JUSTICE BREESE delivered the opinion of the Court:

This was ejectment, in the Kendall circuit court, brought by Hannah E. Watson, plaintiff, and against John Johnson, defendant. The summons was served August 24, 1869, and there was a trial by the court without a jury, by consent of parties, which resulted in a judgment for the plaintiff, that she was entitled to one-third of the premises described in the declaration, as her reasonable dower during her natural life as widow of William F. Lutyens. A new trial was granted the defendant under the statute, and, at the January term, 1871, the cause was again tried by the court by consent, on the general issue, which resulted in a judgment for the plaintiff, that she was entitled to one undivided third part of all the land in the declaration mentioned, as her reasonable dower during her natural life, as the widow of William F. Lutyens, "who, in his lifetime, was her husband, and as such, seized of said land."

Commissioners were appointed by the court to set off to the plaintiff her dower so found, by metes and bounds, which was done, and their report thereof made to the court. A motion for a new trial was denied, and judgment rendered for the plaintiff.

To reverse this judgment the defendant prosecutes this writ of error, insisting the judgment is against the law and the evidence, and that a new trial should have been awarded.

This action was commenced by the defendant in error, under the authority of section 45, chapter 36, title "Ejectment," R. S. 1845, p. 210, and no point is made on the regularity of the proceedings in the ejectment case.

In order to a proper understanding of the case, the prominent facts will be stated. There is no controversy about the title held by Lutyens, in his lifetime, to the premises in controversy. Holding the title, Lutyens, and his wife, the defendant in error here, on August 2, 1859, executed and delivered to one John B. Sherman a mortgage, with full covenants, on these premises, to secure a note of the same date, which Lut-

yens had executed to Sherman. The deed provided, in case of default in the payment of the money, Sherman, or his attorney, after having advertised the sale sixty days in a newspaper published in Oswego, in Kendall county, might sell the premises at public vendue to the highest bidder for cash, and execute conveyances therefor. This mortgage was duly acknowledged before a notary public of Kendall county, attested by his notarial seal, on the same second day of August, 1859, in which acknowledgment it is certified by the notary that Hannah E., wife of the said William F. Lutyens, was examined separate and apart from her husband, and the contents and meaning of the deed fully explained to her, and she acknowledged that she executed the deed voluntarily and freely, and relinquished her dower to the said lands and tenements mentioned, without compulsion of her husband. Default having been made in the payment of the note, Sherman, on July 3, 1863, executed a power of attorney to one Bernet B. Chambers, authorizing him to sell and convey the premises.

The stipulated notice of the sale was given, and the premises sold at the time and place specified, many persons being present, and the same were stricken off to one Oliver H. Lee, as the highest and best bidder, for the sum of six hundred and twenty dollars. Lee and wife, on July 10, 1863, conveyed the premises to John B. Sherman, and the latter, by quitclaim deed with a special warranty, conveyed the premises, October 14, 1863, to John Jackson, the plaintiff in error, and defendant in the action of ejectment. Johnson, on January 17, 1864, by quitclaim deed conveyed the north half of the same premises to John Nelson, against whom a similar action was brought, and the same recovery had, and who prosecutes his writ of error to this court, and we have considered the cases together.

The point chiefly relied on by defendant in error to sustain this judgment, is, the alleged fact that Lee was not the purchaser at this sale, but that one Hartwell was the purchaser, the premises having been stricken off to him. There is testi-

mony to this fact, but the proof is abundant that the sale was made, in all respects, in pursuance of the terms of the mortgage, and Hartwell makes no complaint, and Lee and Chambers have both departed this life, and the real facts of the transaction can not now be fully explained. It is evident, however, from all that appears in the record, that the bid of° Hartwell did not exceed the sum of $620, the amount paid by Lee. It is often the case, a bidder at a public sale like this transfers his bid to another, and directs the deed to be made to such person, and if there be no fraud in the transaction, and no loss to the mortgagor thereby, there can be no objection. But, if an objection, could it be urged against these defendants, the plaintiffs in error, who are remote purchasers without any notice of any irregularity, and can it be set up in an action of ejectment, to defeat their title ?

This court said, in *Cassell* v. *Ross*, 33 Ill. 246, which was a bill in chancery to set aside a sale made under a trust deed, by the terms of which the sale was to be made for cash, and a credit was given, it was said, a purchaser, on discovering it was a trust fund, was bound to see that at least all of the conditions of the trust deed, up to the execution of the deed to himself, were complied with, and performed by the trustee ; and when he became a purchaser on time, he became a party to the violation of the condition upon which the sale could alone be made. Being chargeable with notice, he can not evade the effect of the irregularities attending the sale. With a remote purchaser, it is believed to be different; but the immediate grantee under the trustee's sale must be held to see that all precedent conditions of the sale are complied with by the trustee.    p. 259.

In *Reece* v. *Allen, Admr.* 5 Gilm. 236, it was held, the grantee of a trustee is not bound to show that the conditions of the trust deed have been complied with by the trustee. The deed conveys the legal title to the estate. And in *Hamilton* v. *Lubukee et al.* 51 Ill. 415, the same doctrine was held, that a remote purchaser from one purchasing at a sale by a

mortgagee, is not chargeable with notice of defects and irregularities attending the sale, but they must be brought home to their knowledge on a proper case made, sustained by proof. There is no evidence tending to show Johnson or Nelson was cognizant of this irregularity, and such irregularity would not avoid the sale—it would be voidable only on a proper case made.

But admitting this sale was made for the benefit of Sherman, the mortgagee, yet it can not be denied his deed, by his attorney, Chambers, to Lee, vested the legal title to the estate in Lee. Legal titles must prevail in an action of ejectment. If a legal title so acquired is challenged, it can not be adjudicated in a court of law, but a court of chancery must be invoked. The deed is not void, but voidable only, and a court of chancery may set it aside. Until that is done, it must, at law, prevail.

It was held, in *Farrar* v. *Payne et al.* 73 Ill. 82, the fact that a trustee is a purchaser, through another, at his own sale, will not render the sale void. It is only ground for setting aside the sale in equity while in the trustee's hands, but not after its transfer to a *bona fide* purchaser without notice of the equity. Plaintiffs in error, on their purchase, went into possession of their respective portions of this tract of land, and made valuable improvements thereon. They were purchasers for a valuable consideration, without notice of any irregularities in the sale, and the deeds executed to them conveyed to them the legal estate.

If defendant in error has an equity growing out of or inherent in this transaction, a court of equity is open to her in which to establish it. By her deed to Sherman, she voluntarily relinquished her dower in these premises, and we do not perceive how, in this action, she can assert a right once relinquished. There may be equitable grounds on which she may proceed. If there has not been a foreclosure, as she claims, she ought not to recover until she redeems her share.

The grantees of the purchaser at the mortgage sale are in

possession of the premises, and no action of ejectment can be maintained against them. Under the rulings of this court, the mortgagee of lands is held, in law, the owner of the fee, having the *jus in re* as well as *ad rem*, and entitled to all the rights and remedies which the law gives such owner, and he may, after condition broken, maintain ejectment against the mortgagor. *Oldham et al.* v. *Pfleger*, 84 Ill. 102.

We are unable to find any ground on which this judgment can be supported, and it must be reversed and a new trial had, and for that purpose the cause is remanded.

If the plaintiffs in error have been turned out of possession of their respective portions of this tract of land, as claimed by them, the circuit court will enter such order as may be necessary to restore each of them to the possession of his respective portion.

*Judgment reversed.*