## BARRETT B. CLARK

### *v.*

## MICHAEL FINLON.

1. MORTGAGE—*deed absolute in form.* Where a conveyance of land is, in form, absolute, in order to change its character to that of a mortgage the proof must show clearly that such was the contract and intent of the parties.

2. Where the grantee, on the same day a conveyance absolute on its face is made to him, executes and delivers to the grantor a written contract, in which he agrees to reconvey the lands to the grantor on payment of a given sum, which he owed, by a day specified, and both parties treat the deed as a security, the grantor remaining in the possession and use of the land as owner the same as before, this will show that the deed was intended only as a security for the payment of a debt.

3. A subsequent settlement between the parties, of all accounts, followed by a surrender of the contract for a reconveyance, under an express agreement of the grantee to convey the land to the grantor upon payment of the amount estimated to be due, including usurious interest, within one year, will not render the conveyance absolute and prevent a redemption by the grantor.

4. SAME—*mortgagee in possession chargeable with rents.* Where a grantee of land, under a deed given as a security for a debt, obtains possession of a part of the land, which he occupies by his tenant, on bill by the grantor to redeem, the grantee should, in stating the account of the sum due, be charged with the value of the use of the land for the time he has occupied the same.

5. A mortgagee in possession of the mortgaged premises is only required to account for actual receipts less such sums as he may pay out for taxes and necessary repairs, unless it is shown that more could have been realized by reasonable diligence.

6. USURY—*in equity, party seeking relief must pay legal interest.* Where a debtor applies to a court of equity for relief against an usurious contract, the court will only entertain jurisdiction to grant relief on the condition that he shall pay the principal with legal interest,—that is six per cent. The rule is different where he asks no affirmative relief, but only defends.

APPEAL from the Circuit Court of DuPage county; the Hon. H. H. CODY, Judge, presiding.

Messrs. BARBER, RANDALL & FULLER, and Mr. CHARLES BLANCHARD, for the appellant.

Mr. D. BLACKMAN, for the appellee.

Mr. CHIEF JUSTICE CRAIG delivered the opinion of the Court:

The first question presented by the record is, whether the conveyance of the lands described in the bill was a sale made by the complainant, Finlon, to the defendant, Clark, as shown by the deed upon its face, or was the deed intended to be a mortgage given to secure the payment of money.

This court has often held, that where a conveyance is, in form, absolute, in order to change its character to that of a mortgage the proof must show clearly such was the contract and intent of the parties. *Dwen, Exr.* v. *Blake,* 44 Ill. 136; *Price* v. *Karnes,* 59 id. 277; *Remington* v. *Campbell,* 60 id. 516; *Magnusson* v. *Johnson,* 73 id. 156.

There is much conflict in the parol evidence in this case, and if the case rested upon that kind of proof alone, it would be difficult, if not impossible, to arrive at any satisfactory conclusion; but by a reference to the written evidence in existence between the parties, which generally speaks the truth, it is apparent that the deed executed on the 20th day of December, 1858, by Finlon to Clark, was given for the purpose of securing the payment of a certain amount of money due from the grantor to the grantee. That such was the understanding of both the parties, is manifest from the fact that on the same day the deed was given, Clark, the grantee, executed and delivered to Finlon, the grantor, a contract in writing, in and by which he agreed to reconvey the lands, provided Finlon paid him, on the 20th day of December, 1860, the amount of money which he owed, which was stated in the contract to be $772. Nor did the parties treat the conveyance as a sale. The grantor in the deed remained in the possession and use of the property, as owner, after the deed was made, as he did before.

It is, however, contended, that under a certain settlement made between these parties on the 7th day of March, 1863, the deed should be regarded as an absolute conveyance. It

is true, on that date, the parties met and had some sort of a settlement, and papers to the following effect were executed and passed to the respective parties:

"This is to certify, that I, Michael Finlon, of the town of Du Page, county of Will, State of Illinois, have settled up all accounts to this date.

March 7, 1863.                    MICHAEL FINLON."

"This is to certify that Barrett B. Clark, of the town of Du Page, county of Will, and State of Illinois, and Michael Finlon, have settled all accounts to this date.

March 7, 1863.                    BARRETT B. CLARK."

On this same date, the contract held by Finlon for a conveyance of the property, was surrendered. But it was proven by a witness, who was present on this occasion, and who is entirely disinterested, that it was expressly agreed that Clark should convey the property to Finlon upon the payment of the amount then estimated to be due, within one year, which was figured at $1225, but made up by computing usurious interest.

It further appears, that within the year, Finlon went to Clark and offered to pay, but Clark refused payment unless he could get gold. This was not furnished, and thus matters stood until 1864, when, by some means, Clark obtained possession of one-half of the land, which he has since held, and Finlon and his family have occupied the balance, both the parties claiming title to the whole of the premises. There is, therefore, nothing in the evidence which changed the character of the conveyance since it was made, and we are of opinion that the finding of the court, that the deed, although absolute on its face, was but a mortgage, is fully justified by the proofs.

The next question presented involves the decision of the court on exceptions to the report of the master, to whom the case was referred to state an account between the parties. The master found, from the proofs, the original amount of the mortgage to be $575.64, interest on the same from the

date thereof to April 27, 1877, at 6 per cent, $633.90. The complainant excepted to the allowance of interest, and the court sustained the exception.

We are not advised upon what ground the exception was allowed. The bill charged that usurious interest had been agreed upon between the parties, but if the allegation of usury had been sustained by the proof, in a proceeding of this character the defendant would still be entitled to recover his debt and legal interest. The complainant in this case came into court and prayed for affirmative relief. He occupied a different position from one defending against an usurious contract.

The rule is familiar, that where a person applies to equity for relief against usurious contracts, the court will only entertain jurisdiction to grant relief on the condition that the debtor shall pay the principal with legal interest,—that is, six per cent interest. *Tooke* v. *Newman*, 75 Ill. 215.

No exception was taken to the finding of the master as to the amount of the original debt, and as the interest was properly stated by the master, we are of opinion the exception was improperly sustained.

The third exception to the report, we think, was properly sustained.

In 1864, it is quite clear, from the proof, that appellant had use of 30 acres of the east 40 acre tract of the land, which was occupied by his tenant, and he should be charged with the value of the use of the land for that year, which was not allowed by the master.

The fourth exception, that the master refused to allow complainant $298.90, alleged to have been paid the defendant on the 15th day of November, 1860, the court sustained.

It appears, from the evidence introduced upon this point, that there was another transaction between the parties, in which the complainant was indebted to the defendant in a sum of from $400 to $500, which was secured by mortgage. This debt was paid off on the 15th day of November, 1860, and a further sum was also paid the defendant, but the exact

amount is not certain from the proofs. But whatever the amount was, the defendant testified it was repaid by him to the complainant, $100 of which complainant admits was paid him on that day. The testimony, under all the circumstances, is so unsatisfactory that we can not say the finding of the master was incorrect. It is doubtless true, that on that day defendant received $200 or $300 more than discharged a mortgage which was paid, but the fair inference is, where the evidence of the defendant is considered in connection with the admission of complainant, that complainant received the money back. If that was the case, then appellant ought not to be charged with the money. We are of opinion that the exception allowed on this point was improper.

The master, from the evidence, allowed complainant $1.25 per acre per annum for the land held by defendant. This allowance was excepted to as being too low, and the exception sustained. There was evidence that a reasonable rent for the land would have been $3 per acre. On the other hand, evidence was introduced, that the land, as it was situated, owing to bad fences, and the title and possession being in dispute between the parties, was not worth over $1 per acre, and it is apparent, from the proof, that the defendant did not realize as much per acre as he was charged by the master. We understand the rule to be, that a mortgagee in possession is only required to account for actual receipts less such sums as he may have paid out for taxes and necessary repairs, unless it is shown that more could have been realized by reasonable diligence. *Mosier* v. *Norton*, 83 Ill. 519.

It nowhere appears that defendant was guilty of gross negligence in the management of the land. He probably realized as much as any other person would as the land was situated. The master, in our judgment, allowed all that should have been charged to the defendant, and the report in this regard should have been sustained.

The defendant filed certain exceptions to the report, one of which was sustained and the other overruled. It will

not be necessary to review them at length. So far as we are able to perceive, the decision of the circuit court in this regard is correct.

In our judgment, after a careful examination of the whole record, the master's report was, in the main, correct.

The decree will, for the errors indicated, be reversed, and and the cause remanded, with directions to the circuit court to render a decree in conformity to this opinion.

*Decree reversed.*