MICHAEL FINLON

v.

B. B. CLARK. .

*Filed at Ottawa May 15, 1886.*

1. EJECTMENT—*by mortgagee against mortgagor.* A mortgagee of land may maintain ejectment on the mortgage against the mortgagor after condition broken; so may the grantee in a deed absolute in form, given as security for a debt.

2. SAME—*equitable defence.* In an action of ejectment the legal title must prevail, and it can not be defeated upon equitable grounds. If the plaintiff's title is sought to be questioned on equitable grounds, it must be done in a court of equity.

3. In ejectment by the grantee of a deed absolute on its face, against the grantor, the deed can not be shown to be a mortgage only. The remedy of the grantor, if he has any, is in equity. He may there enjoin the action at law, and show the true character of the deed.

4. HOMESTEAD—*occupation as a residence.* To constitute a homestead estate in land the owner must reside upon the same. If a party makes a conveyance of a tract of land not at the time occupied by himself and family as a residence, no release of homestead is necessary.

APPEAL from the Circuit Court of Will county; the Hon. DORRANCE DIBELL, Judge, presiding.

Messrs. FAIRCHILD & BLACKMAN, for the appellant:

A deed given to secure a debt, though absolute in form, is treated, both at law and in equity, as a mortgage, only. Rev. Stat. chap. 95, sec. 12; *Miller* v. *Thomas,* 14 Ill. 431; *Tilton* v. *Moulton,* 23 id. 656; *Carr* v. *Carr,* 52 N. Y. 251; *Murry* v. *Walker,* 31 id. 403.

The bond given at the same time, being a part of the same contract, was admissible in evidence to show the deed was only a mortgage. 3 Cowen & Hill's notes to Phillips on Evidence, note 958; 1 Greenleaf on Evidence, sec. 283; *Erskine* v. *Townsend,* 2 Mass. 493; *Greenebaum* v. *Gage,* 61 Ill. 49.

There being no release of the homestead, the plaintiff could not recover in ejectment.

Messrs. MUNN & MUNN, for the appellee: '

It is only in equity that a deed absolute on its face may be shown to be a mortgage.  *Price* v. *Karnes*, 59 Ill. 277; *Remington* v. *Campbell*, 60 id. 116; *Bearss* v. *Ford*, 108 id. 16.

When the deed was made, Clark was living on a different piece of land,—seventy acres,—and hence no question of homestead is presented.  *Symonds* v. *Lappin*, 82 Ill. 213.

Mr. JUSTICE MAGRUDER delivered the opinion of the Court:

This is an action of ejectment, brought by appellee against appellant to recover possession of the north-west quarter of the south-east quarter of section 1, township 37 north of range 10 east of the third principal meridian in Will county. Upon the trial below, appellee introduced in evidence a warranty deed, dated December 20, 1858, executed to him, as grantee, by appellant and his wife, as grantors, conveying the property in question, for an expressed consideration of $772, which deed was acknowledged on December 20, 1858. Two questions arose upon the introduction of this deed, both of which were decided against appellant by the trial court, and judgment was rendered in favor of appellee. The rulings upon these two questions are assigned for error.

The first assignment of error is, that the circuit court, before whom the cause was tried without a jury, refused to receive in evidence a certain bond, offered by the appellant for the purpose of showing that the deed was a mortgage. It was held to be such by this court in *Clark* v. *Finlon*, 90 Ill. 245.  The offer of the bond was not accompanied by any offer to prove, either that the debt secured was not due, or that the same had been paid, or that the decree, directed to be rendered by the opinion in 90 Ill. 245, had been entered by the lower court and performed by appellant.

3—118 ILL.

The deed showed the legal title to be in appellee. "Legal titles must prevail in an action of ejectment. If a legal title, so acquired, is challenged, it can not be adjudicated in a court of law, but a court of chancery must be invoked." (*Johnson* v. *Watson*, 87 Ill. 535; *Oldham* v. *Pfleger*, 84 Ill. 102.) Even if the deed were a mortgage, the mortgagee may bring ejectment against the mortgagor. (*Delahay* v. *Clement*, 3 Scam. 201; *Carroll* v. *Ballance*, 26 Ill. 9.) Proof that the deed was made to secure a debt would not, therefore, be a defence in ejectment. But a court of law, upon the trial of an action of ejectment, will not stop to hear evidence, as to whether a conveyance, absolute on its face, was or was not intended by the parties to be a mere mortgage security. The remedy of the grantee in such a deed is in equity. He may there file his bill, and enjoin the ejectment suit, and show the true character of the instrument. A court of chancery has full power to protect his rights. The refusal of the trial court to receive the offered testimony was not erroneous.

The second assignment of error is, that the court refused to find, that the deed in question, which contained no homestead waiver, conveyed a part of the homestead of the grantors. The proof shows, conclusively, that, when this deed was executed, appellant did not live on the forty acres, conveyed by it, but upon another and different tract of land. There was, therefore, no necessity for a relinquishment of homestead, and the question of a homestead right had no existence in the case. (*Symonds* v. *Lappin*, 82 Ill. 213.) We find no error, and the judgment is affirmed.

*Judgment affirmed.*