## MOWRY *v.* CUMMINGS.

*(Circuit Court, S. D. Illinois. January Term, 1888.)*

EJECTMENT—EQUITABLE DEFENSES—DEED CONSTRUED AS MORTGAGE.

In ejectment, plaintiff, to rebut any presumption of outstanding title arising from a certain deed conveying the land in controversy to defendant, offered in evidence a defeasance executed the same day as the deed, and then showed conclusively that the deed in question, although on its face absolute, was a mortgage only: that the debt thereon had been paid; and that defendant knew of such defeasance and payment before acquiring any title to the premises. *Held*, that such evidence was admissible, and that, notwithstanding the rule that in ejectment the legal title must prevail, equitable defenses should be allowed.

At Law. In action for ejectment.

Esther O. Mowey brought suit against William O. Cummings. Judgment for plaintiff.

*James C. Conkling*, for plaintiff.

*John M. Palmer*, for defendant.

ALLEN, J. This was an action of ejectment, brought by the plaintiff against the defendant to recover the S. ½ of S. E. ¼, section 2, township 10 N., range 9 W. Under a stipulation of record both the plaintiff and defendant claim title from George W. Putnam, to whom the original patent was issued; and there does not seem to be any objection interposed to plaintiff's *prima facie* case. The chain of title is a very short one. George W. Putnam, the patentee, conveyed the land by deed to Washington F. Adams, on the 16th day of July, 1855. By his deed of April 7, 1857, Adams reconveyed it to Putnam, who, on the 12th of September, 1859, conveyed to the plaintiff. This deed of Adams to Putnam of April 7, 1857, was not filed for record till the 21st day of June, 1887. The defendant, after plaintiff had rested her case, introduced, for the purpose of establishing outstanding title, a deed from Washington F. Adams to Henry T. Darrah, conveying the land in controversy, dated June 2, 1856, recorded May 19, 1857; and an instrument without seal, dated August 25, 1857, and recorded September 26th of the same year, signed by Henry Darrah and his wife, purporting to convey to Haynes and Rupert the same land, was also offered in evidence. The plaintiff, to rebut any presumption of outstanding title arising out of the deed from Adams to Darrah, offered in evidence an instrument containing a defeasance made June 2, 1856, and recorded September 27, 1872. This was followed up by testimony fully establishing the fact that what purported to be an absolute deed on its face from Adams to Darrah, was in fact but a mortgage to secure the sum of about $3,200, due the grantee from the grantor, and that this sum was fully paid by the grantor Adams to Darrah, in 1859 or 1860, and that defendant Cummings had full knowledge of such defeasance and payment before acquiring any claim or color of title to the premises. Counsel for defendant object to this testimony, contending that it is inadmissible in a court of law; and this is the principal question in the case.

The rule is quite a familiar one that in ejectment the plaintiff must recover upon the strength of his own title, and not upon the weakness of that of his adversary, and that legal titles must prevail in this form of action. This doctrine is invoked against the admissibility of the evidence which, by producing a defeasance executed at the same time as the deed, converts it into a mortgage, and then shows conclusively that the mortgage debt was paid about the year 1859. The rule, while well recognized, is not broad enough to sustain the objection. The evidence establishes beyond any question that there has been no outstanding title since 1859. The debt was the principal thing, and the mortgage—for such was the real character of what purported to be an absolute deed on its face from Adams to Darrrah—a mere security; and, when the debt was fully paid, the mortgage was afterwards utterly worthless. Counsel for the defendant refer the court to *Finlon* v. *Clark*, 118 Ill. 32, 7 N. E. Rep. 475, in support of their objection to the admissibility of the evidence. The case cited fails to sustain defendant's position, which is, that proof that the

deed to Darrah was made to secure a debt cannot be heard in a court of law, but the mortgagor must go into a court of chancery for relief. The court, in delivering the opinion, used this language:

"The offer of the bond was not accompanied by any offer to prove, either that the debt secured was not due, or that the same had been paid, or that the decree directed by the opinion in 90 Ill. 245 had been entered by the lower court, and performed by appellant."

The bond spoken of by the court had been offered by the defendant to prove that the deed on which plaintiff based his right to recover was not absolute, but was in effect a mortgage. The inference is very strong that, if the offer of the bond in evidence had been accompanied by an offer to prove that the debt secured had been paid, the evidence would have been proper, and a recovery thereby defeated; and this view meets my approval. While the well-known distinction between the rules of pleading and evidence in courts of law and courts of chancery will be recognized, the flexibility of the rules of law in adapting them to cases falling within the reason of such rules must not be lost sight of. To compel the plaintiff to resort to a court of chancery in order to establish that the defense interposed, alleged to be an outstanding title, is not a valid defense, and is no outstanding title, and presents no obstacle to her right of recovery, would tend to the multiplicity of suits, and would sustain a view of the question too technical and arbitrary for the prompt attainment of justice. There will be a judgment in favor of the plaintiff for the 80-acre tract of land described in the declaration.