## East St. Louis Connecting Ry. Co. v. John Craven.

1. NEGLIGENCE—*Injuries Received While Not in the Exercise of Due Care.*—A car repairer who received an injury, and who at the time, was a mere intruder without right, and who, with no duty requiring him to do so, deliberately placed himself in a perilous position and neglected to exercise ordinary care for his personal safety, can not recover.

2. NEGLIGENCE—*Who Can Not Complain.*—Where the plaintiff is not in the exercise of a legal right, or in his relation of employe performing a duty imposed upon him, he must use great care before he can justly complain of the negligence of another.

3. COMPARATIVE NEGLIGENCE—*Contributory, Gross and Slight Negligence.*—One guilty of contributory negligence may recover if his negligence is slight, and the negligence of the other, as compared with his, is gross; yet it is an indispensable element that the party injured must have exercised ordinary care for his personal safety to justify a recovery.

4. COMPARATIVE NEGLIGENCE—*Application of the Rule.*—The rule of comparative negligence has no application, except in cases where the party injured has observed ordinary care for his personal safety.

Memorandum.—Action for personal injuries. Appeal from the Circuit Court of St. Clair County; the Hon. ALONZO S. WILDERMAN, Judge, presiding. Heard in this court at the February term, 1893, and reversed. Opinion filed March 23, 1894.

### STATEMENT OF THE CASE.

Appellee recovered judgment against appellant for $5,000 damages and costs, and the latter took this appeal. The action was in case to recover for personal injuries, alleged to

have resulted from the negligence of appellant's servants in running its engine at a reckless rate of speed, and failing to ring the bell thereon, as required by the ordinance of the City of East St. Louis. It is averred in the declaration that plaintiff was a car inspector in defendant's employ, and was not a fellow-servant with the men operating its engines and cars, at the time and place of injury. That while plaintiff was between the tracks on defendant's road, in the discharge of his duty, and exercising due care and diligence, he was struck by one of defendant's engines, so negligently run and operated as alleged, on one of said tracks, and was knocked under a car operated by defendant on the other of defendant's said tracks, and thereby his right leg was run over and crushed, amputation of it was necessitated, and other injuries to him resulted. Appellee was a car inspector in appellant's employ at the time he was injured, and had been so employed for six months. He was perfectly familiar with the location of the tracks and switches in appellant's yard where the accident occurred.

The road owned and operated by appellant, was a connecting or switching railroad in East St. Louis. Its business was to receive freight cars from, and deliver them to various lines having a terminus in that city. In its yard were two parallel tracks running north and south, with a " cut-off " or switch communicating from one to the other at a point about sixty feet north of the place of accident. These tracks were so near each other, that if an engine was upon one, and a freight car upon the other immediately opposite, a space of only two and a half to three feet between the two would be left. On the day appellee was injured, and but a short time before the accident, a car loaded with kegs of beer was received by appellant to be delivered to a line in East St. Louis. It had been derailed and damaged so that it became necessary to take it to appellant's repair track. Appellee marked the car " Shops, bad order," and picked up an iron casting, called a side bearing, which had fallen from the car, and carried the casting to engine " Five " then attached to the south end of the beer car,

supposing that engine would take it to the shops. But the engineer told him engine " One " would come and take the damaged car there. Instead of taking the casting to the engineer of the "One," as he might readily have done, appellee laid the casting in the space between the parallel tracks and went to his office. In a few minutes he returned to that place, and he testifies *he stooped over with his face toward the west,* in the act of picking up the casting, when the front beam of the engine " One," coming from the south on the east track struck him and knocked him between the trucks of the beer car, which was then being moved south on the west track by engine " Five," and the rear truck of that car ran over his right leg and crushed it, so that it became necessary to amputate it between the knee and ankle.

The special findings of the jury were, that plaintiff was in the line of his duty as car inspector when injured; that he was not then a fellow-servant with the persons in control of engine " One;" that defendant's servants did not injure plaintiff wantonly, willfully or on purpose; that the negligence of defendant which caused plaintiff's injury was " not giving proper signals;" that plaintiff could not have escaped the injury by the exercise of slight care and diligence.

CHARLES W. THOMAS, attorney for appellant.

A. R. TAYLOR, attorney for appellee.

MR. JUSTICE GREEN DELIVERED THE OPINION OF THE COURT.

In our judgment the evidence introduced by, and on behalf of appellee, even if it had not been contradicted by the evidence for appellant, does not support some of the special findings or justify the general verdict.

Conceding it to be true, as claimed by appellee, that it was his duty as car inspector to pick up the side bearing and send it with the damaged car to the shops, yet after he had picked it up, he was not required by any rule or order,

or any duty he owed appellant as its servant, to drop it in the narrow space between the tracks, a place of danger, instead of taking it, as he ought to and might have done, to the engineer of the "One," the engine which he had been told would take that car to the shops, and no duty he owed appellant required him to go into the place where he had so negligently left the casting, and thereby subject himself to accident and injury. Hence, the jury were not warranted in finding that appellee was in the line of his duty as car inspector when injured. Nor did the evidence justify the finding "That appellee could not have escaped the injury by the exercise of slight care and diligence."

The jury very properly found that defendant's servants did not injure appellee wantonly, willfully or on purpose, and their general verdict is evidently based solely upon the finding that the negligence which caused the injury to appellee was "Not giving proper signals," by which language they doubtless meant no bell was rung, or whistle sounded on engine "One" as it approached the place where appellee was struck. Even if these signals were not given, it does not necessarily follow, when we take into consideration all the other facts and circumstances proven by the evidence for appellee, that because of such omission appellant became liable to respond in damages for the injury to appellee.

Engine "One" was standing not to exceed one hundred feet south of the place where appellee was struck, and he saw it there when he went between these parallel tracks up to that place. No signal was required to notify him that engine would presently pass the place where he left the casting and go up to the "cut-off," sixty feet north, in order to back down and take the damaged car.

These facts his own testimony shows he knew, and he also knew the space left between this engine going north on the east track, and the beer car on the west track, would be barely sufficient for a person to walk in with safety even in an erect position; yet it appears he entered that space to pick up the side bearing he had negligently put there and did not look back to see if engine "One" had started from

the place he had seen it standing, nor take any precaution to protect himself from being struck by the engine when it passed. On the contrary he turned with his face to the west and stooped over, thus affording a greater chance of being struck and injured. True, those on the engine saw him walking between the tracks where the space was sufficient for that purpose, but they had no reason to believe or anticipate that he would suddenly stop, and put himself in a posture where the front beam of the locomotive must necessarily strike him.

It appears to us from the evidence on behalf of appellee, that at the time of his injury he was a mere intruder, who without right, and with no duty requiring him to do so, deliberately placed himself in a perilous position, and utterly neglected to exercise the slightest care for his personal safety.

Where the plaintiff is not in the exercise of a legal right, or in his relation as employe performing a duty imposed upon him by the defendant, he himself must use great care before he can justly complain of the negligence of another.

In I. C. R. R. Co. v. Godfrey, 71 Ill., p. 498, a case where plaintiff was injured while walking between the tracks of defendant's railway, and there was space between the tracks for him to have walked without exposure to danger on either track, it is said he should have kept constant watch while he was traveling along, and that it was omission of duty and care in not so walking in the place where he was, as not to expose himself needlessly within striking distance of the engine, and it was held plaintiff could not recover because of his omission of duty, and want of care for his personal safety. See also, I. C. R. R. Co. v. Hetherington, 83 Ill., p. 515; Lake Shore & M. S. R. R. Co. v. Hart, 87 Ill. 535; Barkley v. C. M. & St. P. Ry. Co., 37 App. Ct. Rep. 293.

While we hold, under the facts as proven on behalf of appellee, he could not recover, we recognize the law of this State, since the decision in the Jacobs case, 20 Ill. 478, to be, that one guilty of contributory negligence may recover if

his negligence is slight, and the negligence of defendant as compared with his is gross; yet it is an indispensable element, that a party injured must have exercised ordinary care for his personal safety, to justify a recovery in a case like this, and it is well settled in this State, that this rule of comparative negligence has no application, except in cases where the party injured has observed ordinary care for his personal safety, and this the appellee failed to do.

The judgment of the Circuit Court is reversed.

### FINDING OF FACTS.

The clerk is directed to insert in the final judgment order, that this court finds the following facts from the evidence: We find that appellee was not in the discharge of his duty as car inspector at the time he was struck and injured; that at the time he was struck and injured, he was not in the exercise of ordinary care for his personal safety, but negligently and carelessly placed himself in a perilous position and was struck and injured by reason of such want of reasonable care and by his own negligence, and that his injuries were not caused by the negligence of the servants of appellant.