## Leonidas Gaither, L. E. Gaither and Citizens Building Association v. John Wilson.

1. HOMESTEAD EXEMPTIONS.—*Allegations of in Pleadings.*—In order for parties to avail themselves of the benefit of the exemption laws relating to homesteads, in chancery proceedings, it is incumbent upon them to allege in their pleadings, such facts as bring them within the protection of the law.

2. MORTGAGE FORECLOSURE—*Order of Sale.*—Where different parties are interested in mortgages on the same property upon a foreclosure, the court will order the payment of the debts due to such parties in accordance with their equitable rights.

Mortgage Foreclosure.—Appeal from the Circuit Court of Wayne County; the Hon. CARROLL C. BOGGS, Judge, presiding. Heard in this court at the February term, 1896. Affirmed. Opinion filed June 18, 1896.

Gaither v. Wilson.

## STATEMENT OF THE CASE.

On March 6, 1893, Leonidas Gaither and L. E. Gaither, his wife, two of the appellants, executed to appellee, Wilson, a mortgage on the following property : N. W. N. E. Sec. 17, T. 1 S., R. 9 E., and S. half of lots 19 and 20 in Sibley's addition to Fairfield. This was to secure a debt of $750, for the entire purchase money of said S. half of said lots.

On April 18, 1893, said Gaithers, to secure a debt of $850, executed to Fogle Bros. a mortgage on said tract of land, but not the town lots. On same day said Gaithers executed to the Citizens Building Association, one of appellants, to secure a loan of $500, a mortgage on said town lots. This mortgage was recorded April 20, 1894.

These several debts not having been paid, Wilson filed a bill to foreclose his mortgage, making the said Gaithers, Fogles, and Building Association defendants.

Fogles, at the same term of court, filed a bill to foreclose their mortgage, making Gaither, Wilson and Building Association parties, and in addition to asking a foreclosure, asked that Wilson be required to first apply the proceeds of said town lots on his claim before going on said tract of land.

Said building association, at said term, filed their bill, in the nature of a cross-bill, asking a foreclosure against said lots, and asking that said Wilson be required to make his debt out of said land. Said suits were, by order of court, consolidated, and heard as one case.

It was further claimed by the Gaithers and Building Association that said lots were the homestead of said Gaithers, but the homestead right was released in the two mortgages of Wilson and Building Association. It was also claimed that at the time of the execution of said Wilson's mortgage, it was understood and agreed that said lots were included in his mortgage, not to secure the amount due Wilson, but as a security against any claims that might come against said land, on account of the debts of the father and mother of said L. Gaither, from whom he de-

rived title, and that Wilson agreed when such last debts were paid, he would release said lots from his mortgage.

Proper answers and replications were filed, and issue joined on the bill and cross-bill, and upon the hearing, the court entered a decree substantially as follows:

The court finds that defendants L. and L. E. Gaither, on March 6, 1893, executed and delivered to John Wilson their note for $750, due two years after its date, with seven per cent interest, which note was given for the full payment of the purchase money of the south half of said lots 19 and 20; that upon delivery of said note to Wilson, he conveyed to Leonidas Gaither, by deed, said south half of lots 19 and 20; that on March 6, 1893, to secure said note, the makers executed and delivered to Wilson a mortgage upon the N. W. $\frac{1}{4}$ of N. E. $\frac{1}{4}$ 17, T. 1 S., R. 9 E. of 3d P. M., in Wayne county, Illinois, and said south half of lots 19 and 20, which mortgage was duly acknowledged and recorded March 8, 1893; and that $50 solicitor's fee should be in the decree included.

That said Gaithers, on April 18, 1893, executed and delivered to Fogle Brothers their note for $850, due one year after date, with seven per cent interest, and to secure said note, executed and delivered to Fogle Brothers a mortgage on said N. W. $\frac{1}{4}$ of N. E $\frac{1}{4}$ of 17, which mortgage provides, if said note is not paid at maturity, and in case of suit, $50 as attorney's fee should be included in the judgment or decree; which said mortgage was duly acknowledged and recorded April 20, 1893; that on April 18, 1893, Leonidas Gaither executed to the said Citizens Building Association a bond for $500, and to secure the payment conditioned in said bond to be paid, said Gaithers did execute a mortgage having the date of April 18, 1893, and acknowledged by one of them on March 23, 1884, and by the other April 10, 1894; recorded April 20, 1894; which mortgage conveyed lots 19 and 20 in Sibley's addition to Fairfield.

The court finds said note to Fogle Brothers, and mortgage securing the same, were, before the beginning of either of the suits herein, assigned by Fogle Brothers to Jack T.

Fogle, and belong to and are the property of said Jack T. Fogle.

The court finds from the evidence that there is now due complainant John Wilson, on his note, mortgage, interest and solicitor's fee, $931.03; that there is due said Jack T. Fogle, on his note, mortgage, interest and solicitor's fees $1,055.05; that there is now due said Citizens Building Association, $420. That the sum of $931.03 be paid by the Gaithers to Wilson, the sum of $1,055.05 be paid by the Gaithers to Jack T. Fogle, and the sum of $420 be paid by Leonidas Gaither to Citizens Building Association, and the costs herein, within thirty days; and in default of such payment to the respective parties, the master in chancery of Wayne county shall sell said mortgaged property at public vendue; at the south door of the court house in Fairfield. That said master shall give notice of said sale, by posting up six printed posters in six of the most public places in Wayne county, at least thirty days before said sale is made. That said sale shall be made at the same time and place, but the master shall make one distinct and separate sale of the land, and one distinct and separate sale of the lots; but that in making the said sales he shall offer the tracts separately, as the law provides. That out of the proceeds of said sale the master shall first pay the costs, including his commissions, and that said costs and commissions be paid out of the proceeds derived from said sales in proportion to the amount received from each of said sales; and shall pay the sum found to be due to John Wilson, with interest to date of sale; that there shall be paid out of the sale of the land one-half of Wilson's claim and interest, and out of the sale of said city lots the other half of Wilson's claim and interest, provided it does not require more than $500 to pay Wilson's claim and interest, and if it requires more than that sum to pay one-half of his claim and interest, then there shall be paid out of the proceeds of the sale of said city lots only the sum of $500 on the Wilson claim and interest, and the remainder of said claim shall be paid out of the proceeds of the sale of land. That after the said Wil-

son claim and interest has been fully paid by said master, as herein provided, he shall pay out of the remainder of the fund produced by the sale of said land, the said claim, and interest to date of sale, of said J. T. Fogle; and out of the remainder of the funds produced by the sale of said city lots, the master shall pay the claim of the Citizens Building Association, with interest to date of sale.

And the decree further provides that by the word " land " as used in the decree, is meant the N. W. $\frac{1}{4}$ of the N. E. $\frac{1}{4}$ of 17, T. 1 S., R. 9 E. 3d P. M. in Wayne county, Illinois; and by the words " city lots," as used in the decree, is meant the south half of lots 19 and 20 in Sibleys addition to the town, now city, of Fairfield, Illinois.

R. D. ADAMS and E. BEECHER, attorneys for appellants.

CREIGHTON & KRAMER, attorneys for appellee Wilson.

GEO. W. JOHNS and R. P. HANNA, attorneys for appellee Fogle.

MR. PRESIDING JUSTICE GREEN DELIVERED THE OPINION OF THE COURT.

Two errors are assigned on the record : " 1st. Said Circuit Court erred in directing any part of the proceeds of said lots, to be applied on the mortgage of said appellee Wilson." " 2d. Said court erred in not requiring said tract of land to be first exhausted, before resorting to said lots." The evidence in the record satisfies us that the trial court was justified in finding that at the time the Gaithers gave Wilson the mortgage, they did not reside on the lots in question, and had no homestead right therein. The note secured by the mortgage was given for the full purchase price of said lots, and the claim by appellants that Wilson agreed to release said lots from the mortgage, upon the payment of · claims against the estate of Gaither's mother, amounting to $200, which were liens upon said land, was not proven.

In short the court properly found from the evidence, that Wilson's mortgage was a prior subsisting lien upon the land and lots described therein. If any of the parties had a right to complain of the decree it was Wilson, who is limited to a $500 lien on the house and lots, on which he had a lien by mortgage, for the entire purchase money thereof.

As to the mortgage to Fogle Brothers, it appears from the evidence in the record that the mortgagees had no notice of the mortgage to the Citizens Building Association until after the latter was acknowledged and recorded, and their lien, which was upon the land only, was properly held to be second to that of the Wilson mortgage, and superior to that of the Citizens Building Association. The contention that the question of homestead is properly before us under the pleadings, we consider untenable. No allegation in the answers of the Gaithers, and Citizens Building Association, or in their cross-bill, properly sets up a homestead right of the Gaithers, nor does the paper signed by Mrs. Gaither, called a cross-bill, which contains no prayer for relief, sufficiently allege a homestead right. To avail themselves of the benefit of the exemption law, it was incumbent upon them to allege in the answer, or cross-bill, such facts as certainly brought them within the protection of the law. We can not indulge in presumptions not necessarily arising from the facts averred. The facts that the lots were occupied by Gaither as the head of a family residing with the same, and were his homestead when the mortgage was given, are not averred. Symonds v. Lappin, 82 Ill. 213; Finlon v. Clark, 118 Ill. 32. Aside from this, as against the Wilson mortgage, the Gaithers had no homestead in said lots or land, and the building association's lien was subordinate to Wilson's. Hence it was not error to decree that the proceeds of the sale of the mortgaged lots, as well as the proceeds of the sale of the mortgaged lands, should be applied to the payment of the debt to secure which all of said property was pledged. Nor is the second error well assigned. No good reason is given why the de-

cree should require the proceeds of the sale of land to be exhausted before resorting to said lots. Gaither had no homestead right, as against Wilson or the building association, in any of the mortgaged property, and the mortgage debt secured thereby, was of greater amount than the value of the entire property. The court properly ordered that a distinct, separate sale of the land and of the lots be made, and that said tracts be offered separately, as the law provides, and ordered the payment of the several debts in accordance with the equitable rights of the respective parties, except as to Wilson, as before stated, but he makes no complaint, and assigns no cross-errors.

No reason for reversal appears, and the decree is affirmed.