## S. P. Drake, Noah Hostetler and L. G. Hostetler v. Moses Sherman, Patrick McDermott and W. C. Foley.

1. CONTRACTS—*A Contract Construed.*—A contract in the following language : " * * * we, the undersigned, agree to pay ——, bankers at ——, any loss they may sustain through and by virtue of overdrafts on said ——'s books of accounts, or money advanced or paid out by them on the checks of demand, or drafts of ——, for the purpose of buying stock, grain, or any other purpose whatsoever; that said —— may advance or pay out money on the aforesaid ——'s checks of demand or drafts," does not cover past transactions, and only renders the signers liable for debts incurred subsequent to its execution; but exchange and interest, being proper charges in the banking business, as usually conducted, are collectible under said contract.

**Bill,** for relief against a judgment by confession. Appeal from the Circuit Court of Moultrie County; the Hon. EDWARD P. VAIL, Judge, presiding. Heard in this court at the May term, 1896. Reversed and remanded. Opinion filed November 25, 1896.

J. R. & WALTER EDEN, attorneys for appellants.

W. C. OUTTEN, attorney for appellees.

MR. JUSTICE WALL DELIVERED THE OPINION OF THE COURT.

The appellees filed their bill in chancery against appellants for the purpose of obtaining relief against certain judgments by confession, which had been entered against the appellees in favor of the appellants.

It appears that on the 11th of March, 1893, the appellees executed and delivered to appellants an instrument in writing, as follows:

"For and in consideration of one dollar ($1) in hand paid, the receipt whereof is hereby acknowledged, we, the undersigned, hereby agree to pay Drake, Hostetler & Son, proprietors of Hardware Bank, at Lovington, Illinois, any loss they may sustain through and by virtue of overdrafts on said Drake, Hostetler & Son's books of accounts, or money advanced, or paid out by them on the checks of demand, or drafts of John McDermott, of Lake City, Illinois, for the purpose of buying stock, grain, or any other purpose whatsoever; that said Drake, Hostetler & Son may advance and pay out money on the aforesaid John McDermott's checks of demand or drafts.

Signed by us this 11th day of March, 1893.

Signatures witnessed by

JOHN McDERMOTT,                    J. McDERMOTT,
                                   MOSES SHERMAN,
Witness                            his
                                   PATRICK x McDERMOTT."
                                   mark.

John McDermott, who had been doing business with appellants for a considerable time before, continued the same until about the 29th of October, 1893, when he failed, and some three or four days later the appellant Drake notified the appellees that the balance due the appellant from said McDermott for which the appellees were liable was $5,272.95, and asked for settlement.

Appellees were unable to make payment of said amount, and relying upon the representations of Drake, gave three judgment notes upon which the judgments in question were based. The decree entered in the case found that the amount

so claimed included a sum due the appellants at the time the said contract was signed; that it also included a considerable sum for interest and exchange on the business done with said McDermott and that the notes were so drawn as to include interest at the rate of twelve per cent per annum until their maturity respectively. It further found that appellees had made a payment of $2,408.78 before learning the facts above stated, and relieving them in respect to the three items mentioned, found there was equitably due from them upon said judgments the sum of $1,327.25, which they were required to pay with interest from April 16, 1895.

Appellants complained of the construction put upon the contract, and this presents the first question for consideration.

We are inclined to agree with the view taken by the Circuit Court, that the contract was intended to cover liabilities subsequently incurred only. Very clearly we think the appellees had no purpose of binding themselves for any sum then due on account of overdrafts.

They did not know there was any such indebtedness.

The language of the instrument when all taken together and fairly construed relates to the future, and does not include past transactions.

We are not, however, satisfied with the holding in reference to the item for interest and exchange.

As we understand, the charges made by the bank, for interest upon amounts overdrawn and for exchange on drafts upon other parties, were stricken out.

So far as the charge for interest was in excess of the lawful rate, such holding was correct. But as the complainants were asking equitable relief, they should have been required to do equity, and as to interest on overdrafts this would have been accomplished by deducting the usurious excess and charging the legal rate. Clark v. Fenlon, 90 Ill. 245. It is not perceived why the item for exchange should have been rejected. Exchange as well as interest is a proper charge in banking business as usually conducted. These are indeed the ordinary and usual sources of banking profits. It could

hardly be supposed that a bank would wish to do a business of the character here shown without making such charges, or that it is was so expected by these parties. Hence, in ascertaining how much was due on McDermott's overdrafts it was proper to charge him with legal interest and customary exchange whenever in the course of the business such charges were appropriate as against him. In striking out such charges the decree is erroneous. In so far as the notes given on the settlement contained interest in excess of the legal rate they were properly reduced, and complainants were properly required to pay the legal rate only.

It remains to consider the cross-error assigned by appellees. This relates to the finding that Sherman, one of the appellees, called at the bank and made inquiry as to the condition of said McDermott's account, and that the response to such inquiry was not untrue.

It is argued that the proof shows that the balance due at the time of such inquiry was understated in a substantial amount, and that, had the truth been then made known, appellees would have taken steps to secure themselves and could have done so, but they were misled by the false statement.

The evidence is so conflicting on this point that the court rightly concluded the preponderance was not with the appellees, and as the onus was upon them, the finding was necessarily against them.

The cross-error must be overruled.

For the error indicated, the decree will be reversed and the cause remanded.